# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. GEORGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. VOONG, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01397-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

Plaintiff Richard E. George is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed September 21, 2016. Plaintiff consented to the jurisdiction of the magistrate judge on September 29, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff is sentenced to life in prison without the possibility of parole and is housed at North Kern State Prison. Plaintiff brings this action challenging section 3177(b)(1)(B)(2) of Title 15 of the California Code of Regulations which prohibits inmates serving sentences for life without the possibility of parole from participating in the Family Visit Program. Cal. Code Regs. tit. 15, § 3177.

Section 3177 provides for family visits which are extended overnight visits provided for eligible inmates and their immediate family members. However, [f]amily visiting is a privilege" and is limited to only eligible inmates.[1] Cal. Code Regs. tit. 15, § 3177(b). Specifically, section

---

[1] Section 3177 does not create a right under state law to family visits. In re Espinoza, 192 Cal.App.4th 97, 108 (2011).

1  3177 provides that family visits are not permitted for inmates that are sentenced to life without
2  the possibility of parole. Cal. Code Regs. tit. 15, § 3177(b)(1)(B)(2).

3  It is well settled that "[p]rison walls do not form a barrier separating prison inmates from
4  the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). However, it has
5  also long been recognized that imprisonment also carries with it the constraint on or loss of many
6  significant rights. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Price v. Johnston, 334 U.S. 266,
7  285 (1948); Pell v. Procunier, 417 U.S. 817, 822, (1974); Wolff v. McDonnell, 418 U.S. 539,
8  555 (1974). Prisoners are to be afforded those rights that are "not fundamentally inconsistent
9  with imprisonment itself or incompatible with the objectives of incarceration." Hudson, 468
10 U.S. at 523. In making this determination, the inquiry is two-fold. First, the Court must consider
11 if the right at issue is fundamentally inconsistent with incarceration. Turner, 482 U.S. at 94-96.
12 If the right is fundamentally inconsistent with incarceration the inquiry ends because "[p]risoners
13 cannot claim the protection of those rights fundamentally inconsistent with their status as
14 prisoners." Gerber v. Hickman, 291 F.3d 617, 620 (9th Cir. 2002). If the right is not
15 fundamentally inconsistent with incarceration, the Court then considers whether the regulation
16 abridging the right is reasonably related to a legitimate penological interest. Turner, 482 U.S. at
17 96-99.

18  In Gerber v. Hickman, 291 F.3d 617, 619 (9th Cir. 2002), the Ninth Circuit addressed an
19 inmate's challenge to section 3177[2] arguing that it infringed upon his right to procreate. By its
20 very nature, incarceration removes an inmate from society. Pell, 417 U.S. 822-23. During
21 incarceration, the right of intimate association is necessarily abridged. Gerber, 291 F.3d at 621.
22 "Intimate association protects the kinds of relationships 'that attend the creation and sustenance
23 of a family—marriage, childbirth, the raising and education of children, and cohabitation with
24 one's relatives. . . .' " Id. (quoting Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984)).
25 The Ninth Circuit found that "most of the attributes of marriage—cohabitation, physical
26 intimacy, and bearing and raising children—do not" survive incarceration. Gerber, 291 F.3d at

---

[2] Section 3177 was codified at Cal. Code Regs. tit. 15 § 3174(e)(2) at the time that the decision in Gerber issued.

621 (there is no due process or Eighth Amendment right to conjugal or contact visits).

Here, the regulation which Plaintiff is challenging does not prohibit Plaintiff from visiting with his family, but does not allow him to have extended overnight visits with his family. It is well settled that prisoners have no rights to contact or conjugal visits. Gerber, 291 F.3d at 621. The right to overnight visits with your family members is fundamentally inconsistent with incarceration. Therefore, Plaintiff is unable to state a claim that section 3177 violates a fundamental right that he retains as a prisoner.[3] Jones v. Nichols, 639 F. App'x 433, 434 (9th Cir. 2016) ("The district court properly dismissed Jones's due process claim because Jones failed to allege facts sufficient to show that he had a constitutionally protected liberty interest in overnight family visits.").

Further, the Ninth Circuit held in Gerber, that inmates sentenced to life sentences were not similarly situated to other inmates and therefore, there is no equal protection claim based upon section 3177(b). Gerber, 291 F.3d at 623.

Accordingly, the Court finds that Plaintiff has failed to state a cognizable claim that section 3177 violates an inmate's constitutional rights.

## III.

## CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim that Cal. Code Regs. tit. 15, § 3177(b)(1)(B)(2) is unconstitutional. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

---

[3] Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1. Ninth Circuit Rule 36-3(b); see Animal Legal Def. Fund v. Veneman, 490 F.3d 725, 733 (9th Cir. 2007) ("as of January 1, 2007, we must now allow parties to cite even unpublished dispositions and unpublished orders as persuasive authority").

4

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011)).

IT IS SO ORDERED.

Dated: **May 10, 2017**

UNITED STATES MAGISTRATE JUDGE